Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California  95112
Telephone (408) 271-6600
Facsimile (408) 298-6046
tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>            Plaintiff,<br><br>      vs.<br><br>JUAN CISNEROS, et al.,<br><br>            Defendants. | No.  1:12-CV-00188-LJO-SKO<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT BY COURT**<br><br>Hearing Date:  November 14, 2012<br>Hearing Time:  9:30 a.m.<br>Courtroom:  7<br>Magistrate Judge Sheila K. Oberto |

**I. INTRODUCTION**

On February 9, 2012, a Complaint for injunctive relief, declaratory relief, statutory damages, attorneys' fees, litigation expenses, costs and interest was filed by plaintiff Ronald Moore (hereinafter "Plaintiff") against defendants Juan Cisneros (hereinafter referred to as "Defendant") and Hector M. Serrano dba Serrano Chipotle Mexican Restaurant.  On September 19, 2012, Mr. Serrano was dismissed from this action without prejudice.

This is a civil rights action filed by Plaintiff under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 *et. seq.*) ("ADA") and related California statutes for discrimination at the building, structure, facility, complex, property, land, development,

and/or surrounding business complex known as Serrano Chipotle Mexican Restaurant, located at 4815 East McKinley Avenue, Fresno, California (the "Facility"). In or around late June 2012, the business ceased doing business and has been permanently closed.

On May 18, 2012, the Clerk entered default against Defendant (Document 14).

## II.   ARGUMENT

Once a default has been entered by the Clerk, if the damages demanded in the Complaint are unliquidated, Plaintiff must apply for a default judgment by Court. Fed. R. Civ. P. 55(b)(2). Allegations pled in the Complaint, other than damages, are deemed to be admitted upon the entry of default against Defendant. *TeleVideo Systems, Inc. v. Heidenthal* 826 F.2d 915, 917 (9th Cir. 1987); *Geddes v. United States Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Because the business has ceased operations, Plaintiff concedes that his claims for injunctive relief are now moot. Plaintiff therefore seeks judgment for damages under his state claims, as well as for attorney fees and costs. A violation of the ADA constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Therefore, Plaintiff must first establish a violation of the ADA.

### A.   Defendant Violated the ADA

In order to prevail in an action under the ADA, a plaintiff must demonstrate the following:

   a. Plaintiff must be disabled. 42 U.S.C. § 12182(a).
   b. The subject facility must be a place of public accommodation and therefore governed by Title III of the ADA. 42 U.S.C. § 12182(a).
   c. The subject facility must have an architectural barrier. 42 U.S.C. § 12182(b)(2)(A)(iv).
   d. The plaintiff must have actual knowledge of the architectural barriers precluding his full and equal access to the facility. 42 U.S.C. § 12188(a).

  e. In an existing building, removal of the barriers must be readily achievable, i.e., the barrier removal can be accomplished with little difficulty or expense.  42 U.S.C. §12181(9); 28 C.F.R. § 36.104.

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

  Plaintiff alleges that he is disabled (Complaint, Document 1 ("Complaint") ¶ 8); that the Facility is a public accommodation (Complaint ¶ 9); that the Facility has architectural barriers (Complaint ¶¶ 10-11); that Plaintiff has actual knowledge of the architectural barriers precluding his full and equal access to the Facility (Complaint ¶¶ 10-11); and that removal of the barriers is readily achievable (Complaint ¶ 19).  Further, both the Ninth and Tenth Circuits have found that whether the removal of barriers is "readily achievable" is in fact an affirmative defense, and must be pled by the answering party.  *See Colo. Cross Disability Coalition v. Hermanson Family Ltd. P'ship.,* 264 F.3d 999, 1002-1003 (10th Cir. 2001); *Lentini v. Cal. Ctr. For the Arts,* 370 F.3d 837, 845 (9th Cir. 2004).  As Defendant has filed no answer, no affirmative defense has been pled.  All allegations from the Complaint are deemed true, and therefore Plaintiff has met his *prima facie* burden under the ADA to demonstrate he is entitled to relief.

  **B.  Declaratory Relief**.

  Plaintiff's complaint seeks declaratory relief.   As set forth above, Defendant's default renders the non-damages allegations of the complaint deemed true.  Therefore, there is a *prima facie* showing that Defendant violated the ADA and the Court is therefore authorized to make a declaratory judgment that Defendant violated the ADA in order to obtain damages under California law.

  **C.  Computation of Damages.**

  In answering the question of the amount of damages to award, the Court must first "ascertain the Legislature's intent so as to effectuate the purpose of the law."  *Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168, 176, 266 Cal. Rptr. 804, 808 (1st Dist. 1990).  "[A] statute should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts [citations] . . ." *Id*. at 177.

California courts have applied a canon of broad construction to civil rights statutes generally, and to the Unruh Civil Rights Act in particular. *Arnold v. United Artists Theater Circuit, Inc.,* 866 F. Supp. 433, 438 (N.D. Cal. 1994). "The [California] Legislature's desire to banish [discrimination] from California's community life has led [the] California Supreme Court to interpret the [Unruh] Act's coverage 'in the broadest sense reasonably possible.'" *Ibister v. Boys' Club of Santa Cruz*, 40 Cal. 3d 72, 75-76, 219 Cal. Rptr. 150, 151-153 (1985) (citation omitted).

A violation of the ADA (which Plaintiff has established) constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Under the Unruh Civil Rights Act, a prevailing plaintiff is entitled to minimum statutory damages of $4,000 for each time that he was discriminated against. Cal. Civ. Code § 52(a). Here, Plaintiff seeks only one award of minimum statutory damages in the amount of $4,000.

California Civil Code § 55.56 further requires that a Plaintiff demonstrate that he had knowledge of the barrier(s), and suffered discomfort, difficulty or embarrassment in order to obtain damages. In his Complaint, paragraph 10, Plaintiff alleges the barriers he encountered and the difficulty, discomfort or embarrassment they caused him, thereby meeting the requirements of § 55.56. Therefore, Plaintiff has established that he is entitled to $4,000 in damages.

**D. ADA and California Law Provide for Reasonable Attorneys' Fees and Costs**

The ADA provides that a prevailing plaintiff recover attorney fees and costs. 42 U.S.C. § 12205. The Unruh Civil Rights Act also provides for the award of attorneys' fees to a prevailing plaintiff (Cal. Civ. Code § 52(b)(3)). Plaintiff has prevailed on his Unruh Civil Rights Act claim and is therefore entitled to his recovery of his attorney fees and costs.

An award of attorneys' fees is therefore appropriate. The Court must only make a determination as to what the "reasonable" attorneys' fees are. In so doing, the Court first calculates the "lodestar figure" by taking the number of hours reasonably expended on the matter and multiplying it by a reasonable rate. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32, 104 Cal. Rptr. 2d 377, 384 (2001). In calculating the lodestar amount, the California Supreme

Court has "expressly approved the use of prevailing hourly rates as a basis for the lodestar." *Id*. at 1132. Thus, once the number of hours is set, "the district court must determine a reasonable hourly rate considering the experience, skill and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The relevant legal community in the lodestar calculation is generally the forum in which the district sits. *Mendenhall v. Nat'l Trans. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000).

This Court has recently held that an appropriate hourly rate for attorney Tanya Moore's work as a plaintiff's ADA attorney is $300 per hour in this district. *Delgado v. Sadik*, 2011 U.S. Dist. LEXIS 146186 at * 17 (E.D. Cal. Dec. 19, 2011). As set forth in her declaration, Ms. Moore bills at $350 per hour but has reduced her hourly rate to $300 for purposes of this motion and the Court's previous finding. Ms. Moore has spent 24.07 hours on this matter at $300 per hour for a total of $7,221.00 inclusive of this motion up to, but not including, her appearance on the hearing on this motion.

Further, additional time was incurred on this matter by paralegal Marejka Sacks of the Moore Law Firm. Her declaration is filed herewith. This Court has recently found Ms. Sacks's hourly rate to be $115 per hour in this District. *Gutierrez v. Ohanian,* 1:11-cv-00579-SMS, Doc. 37, 4:1-2. Ms. Sacks bills at $150 per hour but her rate has been reduced to $115 for purposes of this motion and the Court's previous finding. Ms. Sacks spent 13.78 hours on this matter at an hourly billable rate of $115, for a total of $1,584.70 (Sacks Decl. ¶ 3).

Unlike a case for monetary damages, the purpose of a civil rights complaint based on violations of the Americans with Disabilities Act is not the recovery of money, but the elimination of discriminatory practices against disabled persons. As such, while the dollar amount at issue may be relatively small, the amount of work which must be done on the part of Plaintiff's counsel is significant and the beneficial effect on the entire community of disabled persons tremendous.

Here, although Defendant ultimately chose to close his business, Plaintiff was pursuing injunctive relief with Defendant, and had reached a tentative agreement on barrier removal (Declaration of Tanya E. Moore filed herewith ("Moore Decl."), ¶ 10). In fact, on June 5,

2012 the parties appeared for a scheduling conference, and no mention was made at that time regarding Defendant closing the business. Not until after a tentative agreement on barrier removal was reached did Defendant decide to close the business.

The total billable time spent on this matter up to the hearing on this motion amounts to $8,805.70, together with costs in the amount of $1,314.00 as set forth in the Declaration of Ms. Moore. Plaintiff will seek fees incurred as a result of his appearance on this Application and will request these fees at the time of the motion when the actual time spent can be ascertained. Therefore, an award of $10,119.70 for attorneys' fees and costs up to the date of this Application, together with fees incurred at the appearance on this Application, is appropriate and reasonable.

### E. Effect of Settlement with Defendant Hector Serrano

Plaintiff entered into a settlement agreement with defendant Hector Serrano, which settlement resulted in a dismissal of Mr. Serrano from this action without prejudice. Defendant is entitled to an offset of the $4,000 amount agreed to be paid by Mr. Serrano.

### III. CONCLUSION

Plaintiff respectfully requests that this Court award Plaintiff damages in the amount of $4,000.00 as authorized by California statute, for attorneys' fees and costs in the amount of $10,119.70, together with additional attorneys' fees incurred as a result of any appearance on this Motion as authorized by statute, less the $4,000 settlement with defendant Hector Serrano, for a total of $10,119.70 through the filing of this motion, and for a Declaratory Judgment that Defendants violated the ADA.

Dated: September 28, 2012                MOORE LAW FIRM, P.C.

/s/ Tanya E. Moore
Tanya E. Moore
Attorneys for Plaintiff, Ronald Moore